**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**JARED BACA, GLADYS ZUBIA-ARANDA,
MAZIAH BACA (MINOR CHILD OF JARED BACA
AND GLADYS ZUBIA-ARANDA), MAZEEK BACA
(MINOR CHILD OF JARED BACA
AND GLADYS ZUBIA-ARANDA), MAZIEL BACA
(MINOR CHILD OF JARED BACA
AND GLADYS ZUBIA-ARANDA),
CHARLIE BACA, AND HEIDI BACA,**

    **Plaintiffs,**

                       **Case No.:**

**QUICK BAIL BOND AND TAX SERVICE,
YEIRA IVONNE SANCHEZ a/k/a YEIRA
ARREOLA, FABIAN KEN TERVEEN**         **JURY REQUESTED**
**ARREOLA, BRADLEY SMITH, and JOHN DOE,**

    **Defendants.**

## COMPLAINT

Plaintiffs, by and through their attorney, Law Office of Frances Crockett (Frances Carpenter), bring this complaint Plaintiffs bring this action against Defendants to remedy multiple violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, (hereinafter "TILA"), and Regulation Z, 12 C.F.R. § 1026, promulgated pursuant thereto; the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 (hereinafter "RICO"), because of underlying acts of simple and aggravated kidnapping, extortion, and the collection of unlawful debt; the New Mexico Racketeering Act, Section 30-42-1 *et seq.* NMSA 1978 (hereinafter "state RICO"); and the state laws of false imprisonment; kidnapping; conversion; and state contract laws as well as 42 U.S.C. § 1983, the Fourth and Fourteenth Amendment of the United States Constitution, New Mexico Constitution, and the New Mexico Tort Claims Act for damages resulting from the illegal entry of Plaintiff's home, illegal search and seizure of Plaintiff, and kidnapping of Plaintiff by Defendants.

24

## JURISDICTION, PARTIES, AND VENUE

1. Jurisdiction and venue are proper as, upon information and belief, some of the parties reside in New Mexico, some in Texas and some in Kansas and the acts complained of occurred in New Mexico, Texas, Oklahoma and Kansas.

2. Jurisdiction and venue are proper pursuant to 42 U.S.C. § 1983 and 1988 and 28 U.S.C. § 1343.

3. The Court has jurisdiction over this action pursuant to the Truth in Lending Act, 15 U.S.C. § 1640(e); the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964(c); and 28 U.S.C. §§ 1331 and 1337.

4. The Court has supplemental jurisdiction of claims arising under state law under 28 U.S.C. § 1367.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this District.

6. Plaintiffs Jared Baca, Gladys Zubia-Aranda, Charlie Baca and Heidi Baca (hereinafter "Plaintiffs") are residents of Curry County, New Mexico.

7. Defendant Quick Bail Bond and Tax Service is a business located in Dodge City, Kansas, and, upon information and belief, is licensed to conduct business in the State of Kansas.

8. Defendants Yeira Ivonne Sanchez a/k/a Yeira Arreola and Fabian Ken Terveen Arreola (hereinafter "Defendants Arreola"), upon information and belief are residents of Dodge City, Kansas, and are employees of Defendant Quick Bail Bond and Tax Service. At all material times, they were acting in the course and scope of their employment.

9. Defendant Bradley Smith, upon information and belief, is a private investigator/bounty hunter from Lubbock, Texas, and at all material times was acting in the course and scope of his employment.

10. John Doe, upon information and belief, is a bail bonds agent from the State of Texas and, at all material times was acting in the course and scope of his employment.

**FACTS COMMON TO ALL COUNTS**

11. On April 25, 2017, two (2) bail bondsmen and one (1) bounty hunter/investigator arrived at the Baca residence, opened their front door and started to walk inside without knocking or having permission to do so.

12. Plaintiff Charlie Baca yelled at them to stop them from walking into the home and asked them why they were there.

13. The bondsmen informed Plaintiff Charlie Baca that they were looking for Jared Baca and asked where he was.

14. Plaintiff Charlie Baca informed them that Jared was in the garage at which point the bondsmen went into the garage, again without permission, pulled out tasers and started to give Jared commands. Jared was not resisting and allowed the bondsmen to take him into custody. Plaintiff Charlie Baca and Jared's wife, Plaintiff Gladys Zubia-Aranda and their children were present and witnessed the aforementioned as well as when Jared was seized.

15. Plaintiff Heidi Baca later received a phone call from Jared who was in jail in Kansas. He informed her that one of the bondsmen was from Kansas and two were from Texas. He stated that after they abducted him, they drove him to a parking lot near a gun range and changed vehicles before driving him to Kansas.

16. Defendants placed him in the back of an SUV and drove him to Kansas where he was taken into custody by law enforcement at the jail.

17. Mr. Baca was in handcuffs the entire time he was kidnapped.

18. Heidi thought the situation was odd and contacted the Clovis Police Department to find out if the bondsmen were allowed to take someone into custody for out of state misdemeanor warrant for failure to report to his Court Services Officer related to his Class B nonperson misdemeanor charge of criminal damage to property (DV).

19. The Clovis Police Department informed Heidi that normally bondsmen would contact the Police Department to assist in such situations. Upon further investigation, it was found that the bondsmen had spoken with Sgt. Howard the night before.

20. Sgt. Howard informed the bondsmen they could not take Jared into custody on out of state warrants which were non-extraditable and that they could possibly face kidnapping charges by taking someone. He told them that they should return to Kansas and see if the Judge would expand extradition to New Mexico so the Clovis Police Department could serve the warrant on Jared.

21. In surveillance video from the Clovis Police Department, the bondsmen are seen and heard speaking with Sgt. Howard, and, when he left the room, they began speaking in Spanish, stating their intent to pick up Jared, notwithstanding Sgt. Howard's statements that it would be illegal and telling him they would go back to Kansas.

22. The following day, a Fugitive Recovery Agent advised that they had been asked by another agency to assist in recovering Jared Baca and had told them the pick-up had been cleared by Sgt. Howard and Dan Aguilar of the 9th Judicial District Attorney's office. This information was false.

## GENERAL RICO ALLEGATIONS

23. Plaintiffs are "persons" with standing to sue within the meaning of 18 U.S.C. §§ 1961(3) and 1964(c) (RICO) and New Mexico Racketeering Act, Section 30-42-1 *et seq*. NMSA 1978 (state RICO).

24. Each of the Defendants is a RICO "person" within the meaning of 18 U.S.C. § 1961(3) because each is an entity capable of holding a legal or beneficial interest in property.

### The RICO Enterprise

25. All Defendants have associated together as an association-in-fact, and therefore an enterprise within the meaning of 18 U.S.C. § 1961(4) and New Mexico Racketeering Act, Section 30-42-1 *et seq*. NMSA 1978 (hereinafter "state RICO"). Such RICO Enterprise has an ongoing relationship with the common purpose of providing bail bonds to persons in Kansas and charging

and collecting fees from those persons.

26. The RICO Enterprise is engaged in interstate commerce in that its activities and transactions relating to the arrangement of bail bond agreements and collection of bail bond fees frequently requires movement and communications across state lines and use of interstate facilities.

27. The members of the RICO Enterprise function as a continuing unit.

28. Defendants meet with potential clients to extend bail bonds and credit for bail fees. Defendants require principals and indemnitors to sign the contract documents, working in part through their alter ego Quick Bail Bond and Tax Service. Defendants Arreola employs bounty hunters who seize and detain principals. Defendants Arreola communicate how much money is necessary to secure their release, tells them to call friends and family to bring the money, collects the money, and releases the person once it is paid. Defendants Arreola then distribute the money to the other enterprise members and others.

29. Through these actions, Defendants Arreola conducts and participates in a pattern of racketeering (through predicate acts of kidnapping, extortion, and extortionate collection of extension of credit) and also commits the unlawful collection of debt, as well as conspiring with other Defendants to do the same. It poses a continuous threat of engaging in these racketeering acts.

30. These practices are a regular way of conducting the ongoing business of each Defendant and of conducting or participating in the ongoing enterprise.

**FIRST CLAIM FOR RELIEF**
RICO Claim based on
**Kidnapping, Extortion and Extortionate Collection of Extension of Credit**
18 U.S.C. § 1962(c) & (d)
*Jared Baca versus all Defendants*

31. Plaintiffs re-allege and incorporate by reference each and every allegation contained herein.

24

32. Defendants conducted or participated in and conspired to conduct the affairs of the RICO Enterprise by engaging in the following predicate acts of racketeering activity under 18 U.S.C. § 1961(1), in violation of 18 U.S.C. § 1962(c) and (d):

    a. Kidnapping in violation of NM Stat § 30-4-1 et seq;

    b. Extortion in violation of the Hobbs Act, 18 U.S.C. § 1951;

    c. Extortion in violation of NM Stat § 30-16-9 et seq; and

    d. Extortion in violation of the Travel Act, 18 U.S.C. § 1952.

33. Through the RICO enterprise, Defendants committed the crime of kidnapping by intentionally and forcibly seizing Mr. Baca without his consent and carrying him from the place of arrest to prison in Kansas.

34. Defendants did this with the intent to obtain money from Named Plaintiffs.

## Travel Act, 18 U.S.C. § 1952

35. Plaintiffs re-allege and incorporate by reference each and every allegation contained herein.

36. Defendants, through the RICO Enterprise, have obtained by threat payments from Plaintiffs, with the intent to deprive them of this money, in violation of 18 U.S.C. § 1952 (Travel Act).

37. Defendants, through the RICO Enterprise, have traveled in interstate commerce, and have used the mail, GPS, and other facilities in interstate commerce to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of an extortionate scheme, in violation of 18 U.S.C. § 1952(a)(3).

38. As a direct and proximate result of Defendants' willful, knowing, and intentional acts discussed in this Claim, Plaintiff Jared Baca has suffered damages as more fully set forth herein.

## SECOND CLAIM FOR RELIEF
### New Mexico Racketeering Act
### 30-42-1  NMSA 1978 *et seq.*
*Jared Baca versus all Defendants*

39. Plaintiffs re-allege and incorporate by reference each and every allegation contained herein.

40. Named Plaintiffs bring this claim on behalf of themselves and the putative Kidnapping and Extortion Class against all Defendants.

41. Defendants conducted or participated in and conspired to conduct the affairs of the RICO Enterprise by engaging in the following predicate acts of racketeering activity:

a. Extortion in violation of NM Stat § 30-16-9 et seq; and

b. Kidnapping in violation of NM Stat § 30-4-1;

42. As a direct and proximate result of Defendants' willful, knowing, and intentional acts discussed in this Claim, Plaintiff Jared Baca has suffered d a m a g e s  as more fully set forth herein.

## THIRD CLAIM FOR RELIEF
### PER SE NEGLEGNCE
### FALSE IMPRISONMENT
### N. M. S. A. 1978, § 30-4-3
*Jared Baca versus All Defendants*

43. Plaintiffs re-allege and incorporate by reference each and every allegation contained herein.

44. The Defendants detained Mr. Baca against his will. Defendants appeared at Plaintiffs' home visibly bearing firearms, and forcibly brought him to Kansas. He was restrained and not allowed to leave until he was taken into custody by the County Jail.

45. The Defendants did while wearing and exhibiting badges of office and carrying multiple weapons including tasers and guns. They insisted that they had total "jurisdiction and control" over Mr. Jared Baca.

46. The Defendants lacked legal authority for the detentions described in the previous paragraphs.

24

47. The actions taken by Defendants constitute false imprisonment under New Mexico law.

## FOURTH CLAIM FOR RELIEF
### FOURTH AMENDMENT CLAIM (UNREASONABLE SEIZURE)
*Jared Baca versus Bonding Defendants*

48. Plaintiffs re-allege and incorporate by reference each and every allegation contained herein.

49. Plaintiff Jared Baca has and had a Fourth Amendment right to be free of unreasonable seizure.

50. Defendants were cloaked with badges of office and claimed to be working under the color of law and the authority vested in them by the State of Kansas.

51. Defendants violated Plaintiff's Fourth Amendment right to be free from unreasonable seizures.

52. As a direct and proximate result of the Defendants' conduct set forth above, Plaintiff suffered damages as set forth herein.

53. Defendants' conduct was willful, wanton, malicious, and in utter disregard and indifference for Plaintiff's legal rights, warranting imposition of punitive damages.

54. Pursuant to 42 U.S.C. § 1988, Plaintiffs are entitled to ask the court for reasonable attorney's fees and litigation expenses if Plaintiffs prevail.

## FIFTH CLAIM FOR RELIEF
### FOURTH AMENDMENT CLAIM (WARRANTLESS ILLEGAL ENTRY OF HOME AND SEARCH OF HOME)
*All Plaintiffs versus All Defendants*

55. Plaintiffs re-allege and incorporate by reference each and every allegation contained herein.

56. Plaintiffs have a Fourth Amendment right to be free of unreasonable and warrantless entry and searches of their home.

57. Defendants violated Plaintiffs' Fourth Amendment right to be free of unreasonable and warrantless entry and searches of their home.

58. As a direct and proximate result of the Defendants' conduct set forth above, Plaintiffs suffered damages.

59. Defendants' conduct was willful, wanton, malicious, and in utter disregard and indifference for Plaintiffs' legal rights, warranting imposition of punitive damages.

60. Pursuant to 42 U.S.C. § 1988, Plaintiffs are entitled to ask the court for reasonable attorney's fees and litigation expenses if Plaintiffs prevail.

## SIXTH CLAIM FOR RELIEF
### VIOLATION OF THE UNIFORM CRIMINAL EXTRADITION ACT ("UCEA")
### 18 U.S.C. 3182
*Jared Baca versus all Named Defendants*

61. Plaintiffs re-allege and incorporate by reference each and every allegation contained herein.

62. Pursuant to the Uniform Criminal Extradition Act 18 U.S.C. 3182, and as a matter of law, a bondsman may not, without consent of the "fugitive", remove him from the state [to which he has fled] without compliance with the provisions of the Uniform Criminal Extradition Act.

63. Defendants' conduct was willful, wanton, malicious, and in utter disregard and indifference for Plaintiffs' legal rights, warranting imposition of punitive damages.

64. Pursuant to 42 U.S.C. § 1988, Plaintiffs are entitled to ask the court for reasonable attorney's fees and litigation expenses if Plaintiffs prevail.

### SEVENTH CLAIM FOR RELIEF
### PER SE NEGLIGENCE
### ILLEGAL ENTRY INTO HOME AND CURTILAGE OF HOME AND TRESPASS
### N. M. S. A. 1978, § 30-14-8 and N. M. S. A. 1978, § 30-14-1
*Charlie and Heidi Baca versus all Named Defendants*

65. Plaintiffs re-allege and incorporate by reference each and every allegation contained herein.

66. Defendants illegally entered Plaintiffs' home, garage and cartilage without permission or any authority to do so without permission.

67. As a direct and proximate result of the Defendants' conduct set forth above, Plaintiff suffered damages as set forth herein.

68. Defendants' conduct was willful, wanton, malicious, and in utter disregard and indifference for Plaintiff's legal rights, warranting imposition of punitive damages.

### EIGHTH CLAIM FOR RELIEF
### PER SE NEGLEGNCE
### ASSULT AND BATTERY
### N. M. S. A. 1978, § 30-3-1 through N. M. S. A. 1978, § 30-3-5
*Jared Baca verses all Named Defendants verses all Named Defendants*

69. Plaintiffs re-allege and incorporate by reference each and every allegation contained herein.

70. The actions of Defendants were not justified or privileged under state law.

71. Defendants' illegal detention, arrest, and kidnapping of Plaintiff constitutes assault, and battery.

72. As a direct and proximate result of the Defendants' conduct set forth above, Plaintiffs suffered damages.

73. Defendants' conduct was willful, wanton, malicious, and in utter disregard and indifference for Plaintiffs' legal rights, warranting imposition of punitive damages.

## NINTH CLAIM FOR RELIEF
### NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
*All Plaintiffs verses all Named Defendants versus all Named Defendants*

74. Plaintiffs re-allege and incorporate by reference each and every allegation contained herein.

75. As a direct result of the actions of the Defendants as set forth herein Plaintiffs suffered an impact, emotional distress and psychological trauma.

76. As a direct and proximate result, Plaintiff Jared Baca suffered bodily injury and resulting pain and suffering, emotional distress and psychological trauma, loss of his freedom, mental anguish, and loss of capacity for the enjoyment of life.

77. As a direct and proximate result, all named Plaintiffs suffered mental anguish, loss of capacity for the enjoyment of life, emotional distress, and psychological trauma

78. As a direct and proximate result of the Defendants' conduct set forth above, Plaintiff suffered damages as set forth herein.

79. Defendants' conduct was willful, wanton, malicious, and in utter disregard and indifference for Plaintiffs' legal rights, warranting imposition of punitive damages.

## TENTH CLAIM FOR RELIEF
### Loss of Consortium
*Gladys Zubia-Aranda, Maziah Baca, Mazeek Baca, and Maziel Baca Verses All Defendants*

80. Plaintiffs incorporate by reference the preceding paragraphs as though fully stated herein.

81. Defendants, through the acts and omissions stated herein, caused the damages to Gladys Zubia-Aranda who at the time of the incidents as described herein was Plaintiff Jared Baca's fiancé as well as his three minor children: Maziah Baca who was four years old at the time,

11

Mazeek Baca who was two at the time, and Maziel Baca who was six months old at the time.

82.  As Jared Baca's fiancé and minor children, it was foreseeable that they would be harmed by the events that transpired as more fully set forth herein.

83.  As a result of the acts and omissions of Defendants herein, Plaintiff Gladys Zubia-Aranda as well as Jared Baca's minor children were forced to spend months without the companionship, guidance, love, enjoyment, and support of their fiancé and father – Jared Baca.

84.  As a direct and proximate result of the acts or omissions of Defendants herein, Jared Baca's fiancé and minor children suffered damages including emotional pain and suffering, loss of consortium, loss of enjoyment of life, and loss of financial support.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs pray for the following relief:

a)  For compensatory damages;

b)  For punitive damages in an amount sufficient to deter the type of malicious conduct complained of herein against Defendants;

c)  Award treble damages as authorized by RICO, 18 U.S.C. § 1964(c);

d)  Award statutory damages in the amount of $1,000,000 or 1% of the Bonding Defendants' net worth, whichever is less, in accordance with TILA, 15 U.S.C. § 1640;

e) For attorneys' fees and costs; and,

f) For pre-and post-judgment.

                                   Respectfully Submitted by:

                                   **LAW OFFICE OF FRANCES CROCKETT**

*/s/ Frances C. Carpenter*
Frances C. Carpenter
925 Luna Circle NW
Albuquerque, NM 87102
Office: 505.314.8884; Fax: 505.835.5658
frances@francescrockettlaw.com
*Attorney for Plaintiff*