IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JARED BACA,

    Plaintiff,

v.                                                                   Civ. No. 18-16 JCH/GBW

QUICK BAIL BOND AND TAX SERVICE, *et al.*,

    Defendants.

## **ORDER TO SHOW CAUSE**

THIS MATTER is before the Court *sua sponte*. In accordance with the Court's June 20, 2019 Scheduling Order, the remaining parties[1] were required to meet and confer no later than June 28, 2019. *Doc. 89* at 1. Plaintiffs were subsequently responsible for filing a Joint Status Report by July 3, 2019. *Id*. at 2.

These deadlines are now past, and the remaining Defendants have failed to comply with the Scheduling Order. Plaintiffs timely filed an independent status report, explaining therein that Plaintiffs' counsel had been unable to contact defense counsel by either phone or e-mail. *Doc. 94* at 1. The parties were therefore unable to meet and confer. *See id*. Furthermore, the remaining Defendants did not file a separate status report by the July 3 deadline.

---

[1] All defendants with the exception of Defendant Quick Bail Bond and Tax Service, Defendant Yeira Ivonne Sanchez, and Defendant Fabian Ken Terveen Arreola have reached settlement agreements subject to court approval. Therefore, for the purposes of the scheduling order, only Plaintiffs and these three defendants were required to participate in the preparation of the status report and the Rule 16 conference.

Rule 16(f) provides:

> (1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
> (A) fails to appear at a scheduling or other pretrial conference;
> (B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or
> (C) fails to obey a scheduling or other pretrial order.
>
> (2) Imposing Fees and Costs. Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f). Moreover, the Court may assess sanctions under its inherent power where an attorney willfully disobeys a court order. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991).

IT IS THEREFORE ORDERED that Defendants Quick Bail Bond and Tax Service, Sanchez and Arreola shall show cause in writing why the Court should not assess sanctions against them or their counsel for the failure to comply with the Court's Scheduling Order. Such written response is due no later than **July 8, 2019**.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE